IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CR-63-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DONALD BRAIN BEAUCHAINE, ) | |
| ) | |
| Defendant. ) | |

On November 19, 2021, Donald Brian Beauchaine ("Beauchaine" or "defendant") moved pro se for a reduction in his sentence to 96 months' imprisonment. See [D.E. 36]; [D.E. 36-1] 9. On February 3, 2022, Beauchaine's counsel filed a memorandum in support [D.E. 39]. On February 17, 2022, the United States responded in opposition [D.E. 41] and filed victim statements [D.E. 42]. On March 18, 2022, Beauchaine filed his pro se reply [D.E. 45]. As explained below, the court denies Beauchaine's motion.

I.

On January 25, 2016, pursuant to a plea agreement, Beauchaine pleaded guilty to manufacturing child pornography. See [D.E. 21, 22]. On July 12, 2016, at Beauchaine's sentencing hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See PSR [D.E. 26]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Beauchaine's total offense level to be 33, his criminal history category to be I, and his mandatory minimum sentence to be 180 months' imprisonment. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Beauchaine to 180 months' imprisonment and 15 years of supervised release. See [D.E. 31, 33]. Beauchaine did not appeal.

II.

On December 21, 2018, the First Step Act took effect. See First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5249 (2018). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and

2

compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states that "an extraordinary

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the

3

and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, "the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir.), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31 (quotation omitted). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18

---

spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., United States v. Hargrove, 30 F.4th 189, 194–95, 198–200 (4th Cir. 2022); McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

The government concedes that Beauchaine has met section 3582's exhaustion requirement. See [D.E. 41] 5. Accordingly, the court addresses Beauchaine's claim on the merits. See United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021).

Beauchaine seeks compassionate release pursuant to section 3582(c)(1)(A)(i). See [D.E. 36, 39]. In support, Beauchaine relies on the "family circumstances" policy statement in application note 1(C) to U.S.S.G. § 1B1.13. See [D.E. 36-1]. Beauchaine's mother (age 72) is in poor health. See id. at 2, 9. Beauchaine wants early release to help care for her. See id. Beauchaine's sister is his mother's legal guardian but cannot care for her physical needs. See [D.E. 39] 8–10. In support of his request, Beauchaine also cites his work history and his good behavior on bond and during incarceration. See id. at 11–12; [D.E. 39] 7–14. Beauchaine also cites his release plan. See [D.E. 39] 7–14.

Beauchaine does not meet the "family circumstances" policy statement. It does not apply to parents. Nonetheless, the court considers Beauchaine's desire to care for his mother and his other arguments under the "other reasons" policy statement and assumes without deciding that all of the conditions are "extraordinary and compelling." However, even balancing Beauchaine's work history, good behavior on bond, and good behavior in prison, the court declines to grant Beauchaine's motion because the section 3553(a) factors counsel against reducing Beauchaine's sentence. In reaching this conclusion, the court has completely reviewed the entire record, Beauchaine's arguments, the

5

government's persuasive response, the advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). Cf. Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

As for his offense conduct, Beauchaine engaged in serious criminal behavior by manufacturing and collecting child pornography. See PSR ¶¶ 6–10. In doing so, Beauchaine exploited his girlfriend's 13-year-old daughter. See id. In light of Beauchaine's serious criminal conduct, the need to promote respect for the law, the need to punish Beauchaine justly, and the need to deter others, the court declines to reduce Beauchaine's sentence. Cf. Concepcion v. United States, No. 20-1650, 2022 WL 2295029, at *12 (U.S. June 27, 2022); Chavez-Meza, 138 S. Ct. at 1966–68; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 230–31; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:14-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

III.

In sum, the court GRANTS defendant's motion for an extension of time, DEEMS the reply as timely filed, and DENIES defendant's motion for compassionate release [D.E. 36].

SO ORDERED. This 5 day of July, 2022.

JAMES C. DEVER III
United States District Judge

6

Case 7:15-cr-00063-D   Document 47   Filed 07/05/22   Page 6 of 6